IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE F. MARTINEZ,

                Plaintiff,

    v.                                             OPINION and ORDER

FRANK J. BISIGNANO,                      23-cv-471-jdp
Commissioner of the Social Security Administration,[1]

                Defendant.

---

This is an action for judicial review of the Social Security Administration's denial of Jose F. Martinez's application for disability benefits. After the parties stipulated to a remand, Martinez received a favorable decision from the commissioner. Dana Duncan, counsel for Martinez, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 18. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In assessing a fee for reasonableness, the court must start with the fee specified by Martinez's contingency agreement with his counsel. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (per curiam). Contingency agreements are the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 808. In this case, Martinez agreed to pay Duncan a contingency fee of 25 percent

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. Fed. R. Civ. P. 25(d).

of any award of past benefits that he received. Dkt. 18, Ex. 1, at 1. Martinez was awarded past benefits totaling $31,274.92, Dkt. 18, Ex. 2, at 2, and 25 percent of that award is $7,818.73.

The key question is whether this contingency fee is unwarranted, and thus, should be reduced. The court must determine whether the contingency fee is reasonable "based on the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808. To make this determination, the court considers relevant factors, including:

> the claimant's satisfaction with their attorney's representation;
>
> the attorney's expertise and efforts expended;
>
> whether the attorney engaged in any undue delay or overreaching;
>
> the uncertainty of recovery and risks of an adverse outcome; and
>
> how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold*, 106 F.4th at 601.

The court finds no reason to award Duncan less than the full contingent fee amount to which he and Martinez agreed. Neither Martinez nor the commissioner has objected to Duncan's motion, it's undisputed that Duncan is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate (about $280) exceeds that charged by other attorneys in the field.[2] The court will approve a representative fee in the gross amount of $7,818.73.

Duncan asks the court to allow him to retain the $6,500 he previously received in fees under the Equal Access to Justice Act (EAJA), subtracting the EAJA fees from the gross fee award, which would result in a net fee of $1,318.73. Dkt. 18, at 2. Duncan's request accords

---

[2] Duncan spent 28 hours on this case. Dkt. 19, at 3.

with the court's past practice. *E.g.*, *Luzar v. Bisignano*, No. 22-cv-52-jdp, 2026 WL 125680, at *1 (W.D. Wis. Jan. 16, 2026). *But see House v. Bisignano*, No. 20-cv-518-jdp, 2025 WL 2051127, at *1 (W.D. Wis. July 22, 2025) (requiring counsel to refund EAJA fee). The commissioner takes no position on Duncan's request; however, the commissioner observes that, when an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller fee awarded to the claimant. Dkt. 21, at 2 (citing *Gisbrecht*, 535 U.S. at 796); 28 U.S.C. § 2412 note (Savings Provision). The court of appeals has stated that counsel is required to transfer the smaller fee to its client. *Arnold v. Bisignano*, 145 F.4th 768, 770 (7th Cir. 2025). That's what Duncan proposes here—he's just streamlining the process.

Duncan asks the court to deduct from his representative fee award the $6,500 he received in fees under the EAJA. To conserve judicial resources, and for efficiency's sake, the court will subtract the $6,500 fee that Duncan received under the EAJA, which would otherwise have to be refunded to Martinez. The net amount that should be dispersed to Duncan from Martinez's past-due benefits is $1,318.73.

## ORDER

IT IS ORDERED that:

1. Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 18, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $7,818.73.

3. Duncan may retain the $6,500 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4.  The net amount of $1,318.73 shall be disbursed by the commissioner from any of Martinez's past-due benefits being withheld and in accordance with agency policy.

Entered June 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge